IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD J. CLARSON as Administrator of LOCAL No. 731, I.B. of T., PRIVATE SCAVENGERS and GARAGE ATTENDANTS PENSION TRUST FUND and LOCAL No. 731, I.B. of T., GARAGE ATTENDANTS, LINEN and LAUNDRY HEALTH & WELFARE FUND, <br><br> LOCAL No. 731, I.B. of T., PRIVATE SCAVENGERS and GARAGE ATTENDANTS PENSION TRUST FUND, <br><br> and <br><br> LOCAL No. 731, I.B. of T., GARAGE ATTENDANTS, LINEN and LAUNDRY HEALTH & WELFARE FUND, <br><br>     Plaintiffs, <br><br>     v. <br><br> CLEAN SWEEPERS, LLC, <br><br>     Defendant. | Case No.: 17-cv-6486 |

## COMPLAINT

Plaintiffs Local No. 731, I.B. of T., Private Scavengers and Garage Attendants Pension Trust Fund; Local No. 731, I.B. of T., Garage Attendants, Linen and Laundry Health and Welfare Fund (collectively, "Funds"); and their Administrator, Richard J. Clarson, through their attorneys Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, by way of their complaint against Clean Sweepers, LLC ("Clean Sweepers" or "Company"), state as follows:

1

## JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, to compel a compliance audit and, as such, this Court has jurisdiction over this action under Sections 502(e) and 502(f) of ERISA, 29 U.S.C. §§ 1132(e) and 1132(f), and Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(c).

2. Venue lies in this court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), as the Funds are administered by their respective Trustees at their principal place of business at 1000 Burr Ridge Parkway, Burr Ridge, Illinois 60527.

## PARTIES

3. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).

4. The Funds are fiduciaries authorized to bring this action on behalf of their participants and beneficiaries pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

5. Richard J. Clarson, Administrator of the Funds, is a fiduciary and the agent of the Funds' respective Boards of Trustees, which delegated authority to him to act on behalf of the Boards in this matter.

6. Clean Sweepers is an Illinois limited liability company that, at all relevant times, has done business within this district and has been an employer within the meaning of ERISA Section 3(5), 29 U.S.C. § 1002(5), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

## COUNT I: FAILURE TO SUBMIT TO AN AUDIT

7. The Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I.B. of T. ("Local 731") is a labor organization within the meaning of 29 U.S.C. § 185(a).

8. At all relevant times, Clean Sweepers has been party to a collective bargaining agreement with Local 731 ("Agreement").

9. The Agreement obligates Clean Sweepers to make monthly contributions on behalf of its employees covered by the Agreement for pension and welfare benefits and to submit monthly remittance reports in which the Company identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds on behalf of each employee.

10. Pursuant to ERISA, the Agreement, the Funds' respective trust agreements, and rules promulgated thereunder, to which Clean Sweepers is bound, it is required to allow authorized representatives of the Funds to inspect and audit its records to ensure that the Company has remitted pension and welfare contributions in accordance with the Agreement.

11. Notwithstanding its obligation to submit to an audit, Clean Sweepers has refused allow the Funds' auditors to inspect any of its records.

12. Clean Sweepers' failure to produce records requested for a compliance audit constitutes a breach of the Agreement, the Funds' trust agreements, and the rules promulgated thereunder. The Company's failure to cooperate with the audit is therefore actionable under LMRA Section 301, 29 U.S.C. § 185, and ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3).

13. The rules promulgated pursuant to the Funds' trust agreements provide that when an employer refuses to produce records for inspection by the Funds' auditors, the employer shall be liable for all of the costs related to the audit, including attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request a judgment against Clean Sweepers as follows:

a. Finding that Clean Sweepers violated the Agreement, the Funds' trust agreements, and the rules promulgated thereunder;

b. Ordering Clean Sweepers to grant the Funds' auditors access to complete sets of the payroll documents, tax documents, and other documents that the auditors deem necessary to conduct the audit within 14 days;

c. Ordering Clean Sweepers to pay the audit costs incurred by the Funds with respect to the audit;

d. Awarding the Funds all reasonable attorneys' fees and costs that they incur with respect to Clean Sweepers' failure to submit to an audit and any other issues related to this lawsuit;

e. Ordering Clean Sweepers to comply with its obligations to the Funds under the Agreement, including the payment of any delinquent contributions revealed by the audit, plus related liquidated damages and interest; and

f. Granting all such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeremy M. Barr
Jeremy M. Barr
Attorney for the Plaintiffs

Jeremy M. Barr (ARDC# 6299047)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT,
CERVONE, AUERBACH & YOKICH
8 S. Michigan Ave., 19th Floor
Chicago, IL 60603
(312) 372-1361